IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADOLFO HERNANDEZ RODRIGUEZ, ET AL<br><br>Plaintiffs<br><br>v.<br><br>A. CORDERO BADILLO<br><br>Defendant | CIVIL NO. 97-2642 (JAF)<br><br>Taxation of Costs |

## SUPPLEMENTAL TAXATION OF COSTS

Before the Clerk of Court in the above-captioned case is defendant's unopposed Request to Enter Bill of Costs (Docket No. 25).

On April 9, 1999, a judgment was entered dismissing the complaint filed in this case (Docket No. 22). As prevailing party, defendant moved for taxation of costs on April 16, 1999 (Docket No. 23). The Clerk of Court taxed costs in favor of defendant in the amount of $190.00, denied certain expenses without prejudice and granted said party ten (10) days to substantiate the disallowed expenses (Docket No. 24). Accordingly, defendant now seeks recovery of costs related to depositions and exemplification and copies of papers (Docket No. 25).

The Clerk of Court, having reviewed the abovementioned motion and the record, makes the following determinations.

**Deposition Fees.** Defendant seeks recovery of the expenses related to plaintiff's deposition. The invoices submitted with defendant's bill of costs show that Mr. Adolfo Hernandez Rodriguez was deposed on August 25, 1998 and December 11, 1998. Also, interpreter's services were provided during the deposition taken to plaintiff. The Clerk of Court disallowed said expense without prejudice, due to defendants failure to properly

Civil No. 97-2642 (JAF)                                                                                    Page -2-

itemize these expenses. Defendant argues that plaintiff's deposition was used in its response to plaintiffs' opposition to the request for summary judgment.

The court reporter's attendance fee and the cost of transcribing depositions are allowed if the same are: (1) introduced as evidence at trial in lieu of live testimony, (2) used for impeachment purposes, or (3) used in connection with a successful motion for summary judgment. See, 28 U.S.C. § 1920 (2); Templeman v. Chris Craft Corp., 770 F. 2d 245, 249 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985); United States v. Davis, 87 F. Supp. 2d 82, 87 (D.R.I. 2000); and Donnelly v. Rhode Island Board of Governors for Higher Education, 946 F. Supp. 147, 151 (D.R.I. 1996). The Clerk of Court finds that the deposition transcript of Mr. Adolfo Hernández Rodríguez was used in connection to defendant's successful motion for summary judgment. Therefore, the amount of $745.75 for the expenses related to Mr. Adolfo Hernández Rodríguez' deposition is hereby allowed.

Defendant also claims the amount of $420.00 for interpreter's services. Section 1920 (6) permits taxation of the interpreter's fees that were necessary for the case. Mastrapas v. New York Life Insurance Co., 93 F.R.D. 401, 404-405 (E.D.Mich. 1982). The interpreter's services were provided during plaintiff's deposition. The Clerk finds that this expense was necessary for the case and thus, this expense is also taxed as costs.

**Fees for Exemplification and Copies.** Defendant seeks recovery of the costs of photocopying documents. Said expense was denied without prejudice due to defendant's failure to identify the copied documents and provide the amounts of copies made. As discussed in the Taxation of Costs, under 28 U.S.C. § 1920(4) the costs of photocopying documents necessarily obtained for use in a case are taxable.

Civil No. 97-2642 (JAF)                                                                 Page -3-

In its motion, defendants' identified the documents and provided the amounts of copies made. The Clerk of Court finds that the amount claimed by defendants is reasonable and consistent with the case. Therefore, the amount of $50.00 is allowed as costs.

WHEREFORE, an additional amount of $1,215.75 is taxed as costs to defendant in the above-captioned case. Pursuant to Fed. R. Civ. P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the Court upon motion served within five (5) days from the date of receipt of the taxation of costs.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of January, 2005.

FRANCES RIOS DE MORAN
CLERK OF COURT

s/Angel A. Valencia-Aponte
Angel A. Valencia-Aponte, Esq.
Chief Deputy Clerk